UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO DANIEL GUERVARA (A# 246-048-287),<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No.  1:26-cv-2451 DC AC<br><br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Petitioner, Roberto Daniel Guervara (A# 246-048-287), entered the United States on September 20, 2022, was detained by immigration for one day, and was released on supervised release.  ECF No. 1 at 5.  He has complied with the requirements of his supervised release and has no criminal record.  Id.  At his supervised release check-in on January 26, 2026, he was detained.  Id.  He is currently in Immigration and Customs Enforcement ("ICE") custody.[1]

On March 30, 2026, petitioner filed a petition for writ of habeas corpus.  ECF No. 1.  The

---

[1]  ICE's Online Detainee Locator System indicates petitioner is currently detained at Golden State Annex.  U.S. Immigration and Customs Enforcement, Online Detainee Locator System, available at https://perma.cc/CV2W-S73M (last visited April 17, 2026).

1

undersigned issued a minute order liberally construing the petition to assert two violations of petitioner's due process rights: one based on his prolonged detention and another based on the revocation of his release.  ECF No. 6.  Respondents were directed to file an answer/return within fourteen days, which substantively addressed whether any factual or legal issues in this case materially distinguished it from the court's prior orders in Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR (HC), ___ F. Supp. 3d ____, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP (HC), ___ F. Supp. 3d ____, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), D.L.C. v. Wofford, No. 1:25-cv-1996 DC JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); Orellana Gonzalez v. Cerna, No. 1:26-cv-1344 DC JDP (HC), 2026 WL 604193 (E.D. Cal. Mar. 4, 2026), and Singh v. Noem, No. 1:26-cv-1150 DC JDP (HC), 2026 WL 585512 (E.D. Cal. Mar. 2, 2026).  Id.  Respondent was also instructed that "if respondent[] dispute[s] any factual representations in the operative petition, [respondent] shall include with the answer/return any and all documents necessary to support [respondent's] view of the facts."  Id. Petitioner was given seven days from being served a copy of respondent's answer/return to file a reply, if any.  Id.

        Respondents filed the required response, stating

> Respondent doesn't identify material factual differences between this case and those identified in the Court's minute order.  Dkt. No. 5.  As in *D.L.C.*, Petitioner unlawfully entered the United States, was released on parole, received a Notice to Appear, and was detained by Immigration and Customs Enforcement ("ICE").  *Compare D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *1-2 (E.D. Cal. Jan. 5, 2026) *with Pet. for Writ of Habeas Corpus*, Doc. 1 ¶ 23.  As in *D.L.C.*, Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). 2026 WL 25511, at *3.  Respondent lacks arguments to distinguish this case.

ECF No. 9 at 2.  Nonetheless, respondent asserts D.L.C. and the other cases listed in the undersigned's minute order were wrongly decided and that petitioner lacks a protected liberty interest and his detention is mandatory.  Id.  Accordingly, respondent asks that the court deny petitioner's petition for writ of habeas corpus.  Id.

        Considering all of these factors, and consistent with the court's ruling in D.L.C. v. Wofford, 2026 WL 25511, Orellana Gonzalez v. Cerna, 2026 WL 604193, Singh v. Noem, 2026

2

WL 585512, and other similar cases, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention.

Accordingly, **IT IS HEREBY ORDERED** that petitioner motion to appoint counsel (ECF No. 3) is DENIED as MOOT.

**IT IS HEREBY RECOMMENDED** that:

1.      Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED on his Fifth Amendment due process claim based on revocation of release.

2.      Respondent be ordered to

    a.   IMMEDIATELY RELEASE petitioner from custody under the terms of supervision in place at the time of his detention.

    b.   RETURN all of petitioner's documents and possessions upon petitioner's release.

    c.   FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations confirming petitioner's release and the return of his documents and possessions.

3.      If the government seeks to re-detain petitioner, it be ordered to provide no less than seven (7) days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered.

4.      Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties

3

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4