UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTO DANIEL GUERVARA
(A# 246-048-287),

          Petitioner,

    v.

WARDEN,

          Respondent.

No.  1:26-cv-02451-DC-AC (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(ECF No. 10)

Petitioner, an immigration detainee prisoner proceeding without counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  (ECF No. 10.)  Respondent filed objections to the findings and recommendations, stating "Respondent objects to the findings and recommendations for the reasons raised in the prior filing."  (ECF No. 11.)  However, those objections were previously addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously

1

released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED in full;

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED;

   a. Respondent is ordered to:

      a. IMMEDIATELY RELEASE petitioner from custody under the terms of supervision in place at the time of his detention;

      b. RETURN all of petitioner's documents and possessions upon petitioner's release;

      c. FILE a notice of compliance within three (3) days of this order confirming petitioner's release and the return of his documents and possessions;

3. If the government seeks to re-detain petitioner, it be ordered to provide no less than seven (7) days' notice to petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered;

4.   This order does not address the circumstances in which the government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

5.   The Clerk of the Court is directed to serve **Golden State Annex Detention Facility** with a copy of this Order; and

6.   The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.


IT IS SO ORDERED.

Dated:    **April 30, 2026**                                    _____

Dena Coggins
United States District Judge